# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TERESA STERNS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0445** (BOR Appeal No. 2047662)
(Claim No. 2011029492)

**PLEASANT VALLEY HOSPITAL, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Teresa Sterns, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pleasant Valley Hospital, Inc., by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 2, 2013, in which the Board affirmed an August 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 17, 2011, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Sterns was working for Pleasant Valley Hospital as a custodian on March 3, 2011, when she allegedly slipped on some water and severely twisted her right knee. She reported to Pleasant Valley Hospital's emergency room and stated that after she twisted her knee she fell to the ground. She also indicated that her knee had a habit of giving out. Ms. Sterns filed for workers' compensation benefits. A March 3, 2011, x-ray revealed no soft tissue injury. There was no fracture, dislocation, or destructive process seen. On March 17, 2011, an MRI was taken which revealed a tear of the anterior cruciate ligament. It also revealed a bucket-handle type tear

1

of the medial meniscus with fragments ripped laterally and contusion of the medial, femoral condyle and medial tibial plateau. The claims administrator rejected her claim because in its opinion the injury did not occur in the course of and as a result of her employment. The claims administrator conducted an investigation into the circumstances of the injury and determined that Ms. Sterns reported on March 10, 2011, that she fell after her knee twisted. The claims administrator also found that on March 11, 2011, Ms. Sterns stated that she was uncertain if she fell or not. Ms. Sterns protested this decision. She was deposed and indicated that on the date in question she did not fall. She said that she simply twisted her knee, which cause pain and forced her to hop over to a chair to sit.

The Office of Judges examined the record and determined that the petitioner could not prove, by a preponderance of the evidence, that she sustained an injury on March 3, 2011. The Office of Judges reviewed medical records from 2007 when Ms. Sterns was involved in an all-terrain-vehicle accident, which caused her right knee to be twisted and injured. The Office of Judges found that the MRI of Ms. Sterns's knee in 2007 was nearly identical to the MRI taken after the alleged March 3, 2011, injury, indicating that no injury occurred. The Office of Judges also pointed out that there were inconsistencies in Ms. Sterns's story about whether she fell or not and about the circumstances surrounding her injury. Ms. Sterns initially reported that she fell when she twisted her knee. She then retracted that statement and asserted that she never fell. Ms. Sterns also could not trace her injury to any workplace danger, she was simply walking around and mopping. The Office of Judges also relied on Ms. Sterns's own acknowledgement to Pleasant Valley Hospital that her knee gives out sometimes for no reason. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Ms. Sterns has failed to establish by a preponderance of the evidence that she was injured in the course of and as a result of her employment with Pleasant Valley Hospital. The medical evidence shows that Ms. Stern's knee condition has remained unchanged from 2007 when she injured it riding an all-terrain vehicle. Ms. Sterns's rendition of the facts surrounding the injury has been inconsistent and further calls the claim into question. Furthermore, there was no specific workplace hazard which caused her to be injured. Because the evidence demonstrates that Ms. Sterns's knee symptoms are a result of her 2007 non-work-related accident, it was appropriate for her workers' compensation application to be rejected.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II